REID *v.* CHURCH BALANCE GEAR CO., LIMITED.

CORPORATIONS—STOCKHOLDERS' SUITS—TRUSTS.

> Complainants were stockholders in a corporation which controlled and owned the license to manufacture certain patents. One Hyde was also trustee under an agreement providing that Hyde should hold in trust the stock of a subsidiary corporation organized to operate under an assignment of the said license. It was provided by the trust instrument that upon Hyde selling any preferred stock of the subsidiary company he should convey or make over to the corporation in which complainants were stockholders, a number of shares of the common stock equal to the shares of preferred stock sold, and that the purpose of the trust arrangement was to assure to the said corporation an equal number of the shares of stock which might be issued to purchasers. By a subsequent resolution of the corporation in which complainants were members, the directors instructed the trustee to sell two shares of common stock in his hands with the preferred stock offered by him up to a stated amount. The common stock was fully paid up by the grant of a license to the subsidiary corporation. The resolution further provided that the shares of common stock so sold or issued should be taken from the number held by the majority stockholder, who consented to the arrangement. *Held*, that demurrer was properly sustained to a bill charging mismanagement and breach of trust.

Appeal from Kent; Brown, J. Submitted April 24, 1914. (Docket No. 130.) Decided July 24, 1914.

Bill by James Reid and others against the Church Balance Gear Company, Limited, and others, for the enforcement of a trust and to set aside the transfer of certain corporate stock. From an order sustaining a demurrer to complainants' bill they appeal. Affirmed.

*George Hollway,* for complainants.

*Myron H. Walker,* for defendants.

The complainants are stockholders in the defendant the Church Balance Gear Company, Limited, which company was organized in July, 1903, under the title, Holson Motor Patents Company, Limited. The capital stock of the Holson Motor Patents Company, Limited, was fixed at $500,000, $250,000 preferred and $250,000 common. Of this stock there was issued to Melvin B. Church all of the common stock and $50,000 of the preferred stock. Four qualifying shares of the preferred stock were likewise issued to four individuals, one of whom was Wesley W. Hyde. In consideration of the stock issued to Church he transferred to the company certain patents, supposed to be of great value. The course of this company from 1903 to 1905 is not disclosed by the record. But in June, 1905, it executed an exclusive license to Wesley W. Hyde to manufacture motor vehicles under the following contract:

"Memorandum of agreement made and entered into on this 7th day of June, A. D. 1905, by and between the Holson Motor Patents Company, Limited, party of the first part, and W. W. Hyde, party of the second part.

"Whereas, the said Holson Motor Patents Company has this day granted to the said W. W. Hyde, as trustee, an exclusive license under the following mentioned patents [Here follows a description of the patents] ; and whereas, Wesley W. Hyde, as trustee, has subscribed for 4,995 shares of the capital stock of the Couple-Gear-Freight-Wheel Company, of the par value of $499,500, and has in full payment for said stock granted to said Couple-Gear-Freight-Wheel Company a similar exclusive license under the patents above mentioned, and there has been issued and delivered to said W. W. Hyde, as trustee, the said 4,995 shares of stock of the said Couple-Gear-Freight-Wheel Company: Now, therefore, this agreement

witnesseth: Said Wesley W. Hyde is to hold said 4,995 shares of stock of the said Couple-Gear-Freight-Wheel Company, as trustee, and to offer the same for sale, in such amounts and at such times as he shall be directed by the directors of said Couple-Gear-Freight-Wheel Company.

"Whenever any share or shares of stock of said Couple-Gear-Freight-Wheel Company is sold by said trustee, at par, he is to transfer from the stock so held by him as trustee to the purchasers thereof, the number of shares so sold, and thereupon, forthwith, the said trustee shall transfer, or cause to be transferred from the stock so held by him as trustee, a like number of shares of stock of the Couple-Gear-Freight-Wheel Company to the Holson Motor Patents Company, Limited.

"The proceeds of the stock sold to others by the said trustee shall be paid into the treasury of the Couple-Gear-Freight-Wheel Company, Limited, by said trustee.

"The object for which this trusteeship is created is to insure that the amount of stock of the Couple-Gear-Freight-Wheel Company held by the Holson Motor Patents Company, Limited, is at all times equal to the amount of stock sold to other purchasers.

"It is further expressly agreed and understood that the stock to be issued by the said trustee to the Holson Motor Patents Company, Limited, shall be common stock, and the stock offered for sale and sold to others by the said trustee shall be preferred stock, bearing six per cent. cumulative dividends and certain other benefits expressed in the by-laws of said company and on the face of said certificates."

Thereupon a corporation known as the Couple-Gear-Freight-Wheel Company was organized for the purpose of manufacturing motor vehicles under said exclusive license. The capital stock of said company was fixed at $500,000; $250,000 common and $250,000 preferred. Of this stock all of the common and all but five shares (issued as qualifying shares to individuals) of the preferred were issued to Wesley W. Hyde as trustee in payment for and transfer by him

to the corporation of the exclusive license before named. Mr. Hyde accepted the trust in the following instrument:

"Know all men by these presents, that in accordance with a certain agreement between the Holson Motor Patents Company, Limited, and myself, as trustee, a certain written assignment of rights under certain patents from said Holson Motor Patents Company, Limited, to me as trustee and a certain transfer of said rights to the Couple-Gear-Freight-Wheel Company in exchange for 4,995 shares of the capital stock of said last-named company, all of said writings being of date June 8, A. D. 1905.

"I hereby declare, that I hold said stock in trust for the benefit of the Holson Motor Patents Company, Limited, and the Couple-Gear-Freight-Wheel Company in conformity with the contract and assignments aforesaid, and the by-laws of said Couple-Gear-Freight-Wheel Company."

By-laws of the Couple-Gear-Freight-Wheel Company giving effect to the contract between Hyde and Holson Motor Patents Company were adopted as follows:

"SECTION 1.    The capital stock of this company is five hundred thousand dollars, divided into two classes, as follows:
Common stock, 2,500 shares_____ $250,000 00
Preferred stock, 2,500 shares_____  250,000 00

"SEC. 2.    Wesley W. Hyde, trustee, holds all the common stock of the company and all of the preferred stock except five shares, under a certain trust agreement, between himself and the Holson Motor Patents Co., Ltd., by the terms of which he is to offer for sale the said preferred stock, or parts thereof, in amounts, upon the terms and at the times directed by the board of directors of this company.

"SEC. 3.    The proceeds of such sales of preferred stock shall be turned over to the treasurer of this company, and a like amount of common stock shall, at the time of such sale be issued to the Holson Motor Patents Co., Ltd.    The intention being that there shall be simultaneously issued to the Holson Motor Patents

Co., Ltd., an amount of stock equal to the amount or amounts sold by the said trustee to others."

Under this declaration of trust about $118,000 of the preferred stock was sold at par by Hyde and the proceeds thereof turned into the treasury of the Couple-Gear-Freight-Wheel Company. An equal amount of common stock of the company was by him transferred to the Holson Motor Patents Company. The Couple-Gear-Freight-Wheel Company proceeded to manufacture and vend freight automobiles under the aforesaid license. The business continued until in November, 1907, when at a meeting of the board of directors of the Couple-Gear-Freight-Wheel Company it was determined that it was necessary to raise the sum of $14,000, whereupon the following resolution was adopted:

"Resolved, that to carry on the business of this company, it is necessary to raise $14,000.00 and to raise the same the capital stock of this company be sold as follows: $14,000 par value of preferred stock and $42,000 par value of common stock, and that one share of preferred stock and three shares of common stock be sold at the par value of one share of preferred stock, $100.00."

"Resolved, that the stockholders of this company be allowed to subscribe for as much stock, so offered, as they see fit, but that in case of an oversubscription thereof, that this board shall have the power to prorate the share of each subscriber in proportion to his present holding.

"Resolved, that this offer of stock is subject to the assent of the Holson Motor Patents Company to the modification of the contract between said companies in relation to the common stock proposed to be offered."

Notice of this resolution and a copy of it was immediately given to the Holson Motor Patents Company, and said last-mentioned company was asked to act upon the question promptly, and if possible assent to the proposition. A meeting of the board of direc-

tors of said last-mentioned company was held on the 5th of November, and the following preamble and resolution was passed:

"Whereas, the Couple-Gear-Freight-Wheel Company has represented to this company that it is in pressing need of money to carry on its business; and has decided to sell one share of its preferred stock, and three shares of its common stock for $100 to the extent of 140 shares of preferred stock and 420 shares of common, and has asked this company to agree to surrender 280 shares of common capital stock now held by it, and to consent that 140 shares of additional common stock of said company may also be issued to such proposed purchasers; whereas, Melvin B. Church has consented in writing that the said 420 shares may be taken from his interest in the common stock of the Couple-Gear-Freight-Wheel Company held by this company; whereas, it appears to this board that inasmuch as the prosperity of this company depends in very large measure upon the successful prosecution of the business of said company, and that it is therefore good business policy to assent to said proposition: Therefore be it resolved, that the chairman and secretary of this company be, and they are hereby directed and empowered to assign to the future purchasers of 140 shares of the preferred capital stock of the Couple-Gear-Freight-Wheel Company, two shares of the common capital stock of said company now held by this company, as fast as and when one share of such preferred stock is sold at par, and that this company hereby consents that one share of the common stock of said company be issued to such purchaser for every share of preferred stock so sold, in addition to the two shares of common for one of preferred sold as aforesaid; provided, that no more than 280 shares of the common stock of said company held by this company be surrendered, and no more than 140 shares of common stock in addition be issued by said company to such purchasers. Provided, further, that this arrangement shall terminate in ninety days from this date, and all said 420 shares of common stock unsold shall become and be the property of this company under said contract. And that this arrangement shall in no wise affect the provisions of

said contract, except as to said 420 shares of common stock, or such part thereof as shall be sold within the time above limited."

The assent of the Holson Motor Patents Company having been thus obtained to the sale of the stock, preferred stock of the Couple-Gear-Freight-Wheel Company to the amount of $14,000 was sold by Mr. Hyde to certain individuals for $14,000 in cash, which sum was covered into the treasury of the Couple-Gear-Freight-Wheel Company. To each purchaser of one share of this preferred stock there was given three shares of the common stock of the Couple-Gear-Freight-Wheel Company, in all 420 shares.

These complainants, besides being stockholders in the Holson Motor Patents Company, are all owners of preferred stock in the Couple-Gear-Freight-Wheel Company. They filed their bill against all of those who purchased the $14,000 preferred stock last mentioned, and received therewith $42,000 of the common stock, and they make both companies defendants *pro forma.* They state in their bill that:

"They bring this bill of complaint against the above-named defendants in their own right as stockholders of the Couple-Gear-Freight-Wheel Company for the benefit of themselves and of such other stockholders in said Couple-Gear-Freight-Wheel Company as may care to join in this suit."

Many charges are made against certain of the defendants as officers of the Couple-Gear-Freight-Wheel Company. Among others they are charged with mismanagement of the corporate funds, violation of their duties as directors, and abuse of trust, but the only relief sought is to avoid the alleged sale and purchase of said 420 shares of common stock of the Couple-Gear-Freight-Wheel Company to the defendants who purchased them, and that said certificates be delivered up to be canceled. They next pray that said certificates for 420 shares of the common stock of the Couple-

Gear-Freight-Wheel Company may be ordered and decreed to be issued and delivered in accordance with the original contract and trust agreement to the beneficiary therein named. To this bill of complaint a demurrer was interposed by the Church Balance Gear Company (formerly the Holson Motor Patents Company), the Couple-Gear-Freight-Wheel Company, and all the individuals who received any portion of the 420 shares of the common stock aforesaid. The grounds of said demurrer are as follows:

"(1) That it appears upon the face of said bill that it is filed by said complainants in their capacity and right as stockholders in the Couple-Gear-Freight-Wheel Company only, and not otherwise, and as such said complainants are not entitled to any relief in a court of equity.

"(2) That it does not appear in and by said bill of complaint and in the allegations thereof, that said complainants, or any of them, subscribed for or purchased stock in or became stockholders of the Holson Motor Patents Company, Ltd., named in said bill at or after the organization of said defendant, the Couple-Gear-Freight-Wheel Company, or at the time of, or after the making of, the alleged contracts, agreements in trust, or otherwise between the said Holson Motor Patents Company, Ltd., and the said defendant the Couple-Gear-Freight-Wheel Company, set forth in said bill of complaint, or the alleged trust created thereby, or that the said complainants became such, either with knowledge of, or in reliance upon the same, or that the said complainants subscribed or paid for their stock in the said Holson Motor Patents Company, Ltd., either in reliance thereon, or had or obtained any rights or equities irrevocable or otherwise in or under said alleged trust or other agreements.

"(3) That it does not appear that the said complainants as stockholders of the said Holson Motor Patents Company, Ltd., were in any wise wronged, or that their legal or equitable rights as such were in any wise impaired, injured, or imperiled by the said defendants in any manner whatsoever.

"(4) That it appears by said bill of complaint that said complainants have no grievance or remedy whatsoever, either legal or equitable, as stockholders in said Holson Motor Patents Company, Ltd., in or because of any of the matters alleged in said bill of complaint, and such grievance and remedy, if any, are against the said defendant Melvin B. Church, and not in any wise against these defendants or any of them.

"(5) It does not appear in or by said bill of complaint that the said trust agreement, so-called, or the other alleged agreements, between said Holson Motor Patents Company, Ltd., and the said defendant the Couple-Gear-Freight-Wheel Company, were or are irrevocable, or that they could not be and were not lawfully modified, changed, or waived in the manner alleged and set forth in said bill of complaint.

"(6) That it does not appear that the said complainants as stockholders of said defendant the Couple-Gear-Freight-Wheel Company, or otherwise, were in any wise wronged, and that their legal or equitable rights have been in any wise impaired, injured, or imperiled by said defendants, or any of them, and that on the contrary, it appears that the said complainants have been benefited thereby.

"(7) That it does not appear in and by said bill of complaint that the said complainants have been in any wise damaged or wronged by said defendants, or suffered loss by reason of them, or their actions therein complained of.

"(8) That it does not appear in and by said bill of complaint that the said defendants, or any of them, have violated any of the rights, either legal or equitable, of the said complainants.

"(9) That it appears in and by said bill of complaint that said complainants have been and are guilty of laches in the filing of their bill of complaint, and in asking relief in and from a court of equity therein, and have not therefore any right or claim whatsoever to any equitable relief.

"(10) That it appears in and by said bill of complaint that said defendants invested and paid their money to the said defendant the Couple-Gear-Freight-Wheel Company, and purchased the preferred and common stock thereof in reliance upon the waiver or modification of said alleged trust agreement and other

contracts, and that they would not otherwise have bought and paid for said stock or invested and paid in their money to said defendant the Couple-Gear-Freight-Wheel Company, and that said defendant, the Couple-Gear-Freight-Wheel Company, and said complainants as stockholders thereof have had the use and benefit of defendants' said investment and money, and are now having the use and benefit thereof, and that if said change or modification of said alleged trust and other agreements and said purchase and sale of said stock to and by said defendants is rescinded and the said stock restored to the said Holson Motor Patents Company, Ltd., or otherwise, that the said defendants cannot and will not be restored or put in *statu quo* by said complainants, or otherwise, wherefore the said defendants pray that said bill be dismissed for want of equity, with costs to these defendants."

The demurrer having been sustained by the court below, complainants appeal.

BROOKE, J. (*after stating the facts*). We are of opinion that the bill does not state a case for equitable relief. All of the stock of the Couple-Gear-Freight-Wheel Company was fully paid and was issued by it to the trustee, Mr. Hyde, to be disposed of by him under the terms of the trust. The preferred stock was to be sold by him as directed by the board of directors from time to time, and the common stock was to be turned over to the Holson Motor Patents Company in payment for the exclusive license, which, at the time of the organization, constituted the only assets the Couple-Gear-Freight-Wheel Company possessed, except $500 paid in for qualifying shares. It will therefore be noted that the Couple-Gear-Freight-Wheel Company had received value in full for all of its common stock at the time of its organization. It is true that it was contemplated that that common stock should be transferred by the trustee to the Holson Motor Patents Company only in amounts

181 Mich.—34.

equal to the preferred stock sold by the trustee. But the beneficial ownership of said stock was under the contract at all times in the Holson Motor Patents Company. At the time of the sale of the $14,000 preferred stock, only $14,000 common stock in the hands of Mr. Hyde was issued, and $28,000 of the common stock theretofore issued under the terms of the trust to the Holson Motor Patents Company was used to make up the entire sum of $42,000 common stock. How this transaction could in any wise injure a stockholder in the Couple-Gear-Freight-Wheel Company we are unable to discern. It certainly could not injure the corporation itself, because from the moment of organization it had for a valuable consideration parted with its entire issue of common stock. It will be noted that complainants filed their bill, not as stockholders of the Holson Motor Patents Company, but as stockholders of the Couple-Gear-Freight-Wheel Company. But it is not apparent from the record that, even as stockholders in the Holson Motor Patents Company, they were injured, because the resolution authorizing the sale of the three shares of common stock with one share of preferred stock passed by the Holson Motor Patents Company recites that the 420 shares are to be taken from the individual interest of Melvin B. Church, and that he had consented thereto in writing. So far as the record discloses, Mr. Church was the holder of three-fifths of the entire stock of the Holson Motor Patents Company, and his interest was ample to protect his undertaking.

We are of opinion that it is unnecessary to determine whether the contract by which the Holson Motor Patents Company agreed to take stock in the Couple-Gear-Freight-Wheel Company in payment for the exclusive license was legal or not. It is enough to determine that neither the trustee in selling, nor the individual defendants in buying, nor the Holson Motor

Patents Company in consenting to the transaction, did anything which could, in our opinion, afford complainants any ground for legal or equitable relief.

The order sustaining the demurrer and dismissing complainants' bill is affirmed.

McALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.